Richard CARDENAS, Appellant,

v.

RAMSEY COUNTY and Special Care
Associates, Inc. Defendants,

David O'Connor, intervenor, Respondent.

No. 81-1052.

Supreme Court of Minnesota.

July 23, 1982.

Bassford, Heckt, Lockhart & Mullin, Re-
becca Egge Moos and Charles E. Lindberg,
Minneapolis, for appellant.

John Flanagan, Woodbury, for O'Connor.

OTIS, Justice.

Richard Cardenas appeals from an order
of the district court directing payment to

his attorney, respondent David O'Connor, of attorney's fees of $39,054.33 and of expenses of $1,411.26 which he had advanced to appellant from a $45,000 "front money" payment due appellant under a structured settlement of his action for personal injuries against Ramsey County and Special Care Associates, Inc. Appellant contends that, although he entered a contingent fee agreement under which he promised to pay respondent "one-third (⅓) of the total amount recovered, or of a compromised amount upon settlement" of his claim, he is not required to pay his attorney more than one-third of each payment due under the settlement as and when he receives the payment. We agree and reverse the order insofar as it directs payment of attorney's fees of $39,054.33, representing one-third of the present value of the total structured settlement based on a 4% acceleration rate and a 7½% discount rate.

The parties to the appeal entered the contingent fee contract in October 1979. Respondent commenced an action on the claim and on May 8, 1981, completed negotiation of the structured settlement after the jury was selected and trial of the action was about to begin. The settlement provided for a front money payment of $45,000 and further specified payments totaling $110,800 over a 10-year period. The deferred payments were guaranteed and the defendants agreed also to hold appellant harmless if any demands were made on him for payment of medical expenses of approximately $23,000. The parties placed the terms of the settlement on record before the trial court without making any reference to the attorney's fees to be paid respondent. Appellant recognizes that the settlement was favorable and does not dispute his liability to pay one-third of it to respondent. The dispute between the attorney and client focuses only on whether the attorney is not entitled to one-third of the present value of the structured settlement or, as appellant contends, to one-third of the front money, as well as the expenses respondent had advanced, and to one-third of each future payment as appellant receives it. When efforts to resolve the con-troversy failed, respondent retained counsel and moved the trial court for an order determining whether he is entitled to receive his entire fees from the front money and, if so, determining their amount.

At the hearing respondent testified that he discussed with appellant three offers involving front money payments of $15,000, $30,000, and $45,000 respectively; that he advised rejection of the $15,000 offer because it was too low and would not pay his attorney's fees; that in discussing the second offer appellant said he could buy a new van and respondent replied that appellant should not forget he would have to pay attorney's fees; and that in discussing the final offer appellant again said he could buy a van and could pay off a contract for deed, to which respondent replied that appellant was "forgetting something very important," attorney's fees. Respondent said also that he had had no prior experience with structured settlements, that the negotiations were "harried" and that he could not determine the present value of his fees before completing the settlement because actuarial calculation of the present value of the settlement was required. After the settlement was made, respondent obtained a computation based on a 4% discount rate and sent appellant a statement requesting payment of fees of $43,104.66 based thereon. Appellant refused to pay the requested fees and at his request they were recomputed on the basis of a 7½% discount rate. This amount, $39,540.33, appellant also refused to pay, claiming that he had never agreed to pay all of the fees from the front money and would never have entered the settlement if he had been informed that he would be required to do so.

Appellant testified that when the structured settlement was being discussed he asked respondent how his attorney's fees would be paid if appellant himself was paid over a period of time and was told that "we would work that out and that would come out of the guarantee—the guaranteed money." His sister corroborated this testimony. Appellant also said that he told the attorney several times that he (appellant) would

accept a structured settlement only if he could obtain some cash immediately because of his need for funds.

The trial court ruled that respondent was entitled to receive reimbursement for expenses advanced for appellant and also was entitled to his entire fees immediately. Accepting the discount rate of 7½% as the basis for determining the present value of the total settlement, he directed the payment as stated of $39,540.33 for respondent's fees. In a memorandum accompanying his order the trial court indicated that his resolution of the dispute concerning the time the attorney's fees were due was based on equitable grounds. He stressed that the amount of the settlement was large under the circumstances of the case and that its provisions were in his view clearly beneficial to appellant; he stressed also that the settlement was achieved by respondent's skill and ability and that respondent had completely performed the professional services required by the parties' retainer agreement.

We cannot agree that these considerations entitle respondent to payment of all compensation he has earned from the front money. In fact, in our view, these factors are irrelevant to the issue presented by the circumstances of the case, which is how the disputed contingent fee contract should be construed when applied to the structured settlement. The parties agree that they did not contemplate the possibility of obtaining a structured settlement when they entered the contingent fee contract, and respondent admitted that, had he thought about the meaning of the contract's provision that his fee was to be one-third "of the total amount recovered," he would have expected that he would be paid his fees at the time appellant received his money either by way of judgment or settlement. Once the structured settlement was reached, respondent took the position that appellant has "recovered" the amount to which he is unconditionally entitled under the settlement, while appellant insisted that "recovered" means "received" and he has thus far recovered only the front money. Their different interpretations demonstrate that this provision of the fee agreement became ambiguous when the structured settlement was made. Respondent contends that the amount to be received by appellant under the settlement is fixed and that respondent's services have been completed, as a consequence of which he is entitled to receive his entire fee from the front money payment. He cites in support of this proposition *Sayble v. Feinman*, 76 Cal.App.3d 509, 142 Cal.Rptr. 895 (Cal.Ct.App.1978). We do not choose to follow that authority because we do not base the decision here on whether appellant's right to the proceeds of the settlement is absolute or not.

■ Appellant urges that the ambiguity in the contingent fee contract must be resolved against respondent as the drafter of the agreement. That principle is well established. We prefer, however, to base our decision on the obligations imposed on respondent by the unique fiduciary relationship existing between attorney and client. We have concluded that that relationship requires that when an attorney and client have entered a contingent fee contract under which the attorney is entitled to a third "of the total amount recovered" and the attorney thereafter negotiates a structured settlement of the client's claim without reaching an explicit agreement with the client governing the time and manner of payment of his fees, either put into writing or read into the record when the settlement is placed on record before the trial court, then as a matter of law the word "recovered" in the contingent fee contract must be construed to mean "received," with the consequence that the attorney is entitled to one-third of each payment his client receives under the structured settlement as and when he receives it.

■ The policy expressed in EC 2–19 of the Code of Professional Responsibility which governs the conduct of attorneys in this state mandates this construction of the contingent fee contract. That provision states:

As soon as feasible after a lawyer has been employed, it is desirable that he

reach a clear agreement with his client as to the basis of the fee charges to be made. Such a course will not only prevent later misunderstanding but will also work for good relations between the lawyer and the client. It is usually beneficial to reduce to writing the understanding of the parties regarding the fee, particularly when it is contingent. A lawyer should be mindful that many persons who desire to employ him may have had little or no experience with fee charges of lawyers, and for this reason he should explain fully to such persons the reasons for the particular fee arrangement he proposes.

This provision squarely placed upon respondent the obligations of making it perfectly clear to appellant in their discussions of the settlement offers that respondent desired to receive all of his attorney's fees from the front money and of obtaining the client's agreement to such payment. To place these obligations upon the attorney is entirely reasonable, both because of his greater knowledge and experience with respect to fee arrangements and because of the trust his client has placed in him as his attorney. Appellant's understanding that he was to pay his attorney one-third of each payment he received under the structured settlement and that he himself would receive nearly $30,000 of the front money clearly was an important consideration in his decision to accept the settlement. The fiduciary relationship between the parties requires that the contingent fee contract be construed to fulfill appellant's expectations.

We affirm that part of the trial court's order directing that respondent be reimbursed from the front money for the expenses he had advanced on behalf of his client. We reverse the award of attorney's fees and direct that he receive $15,000 from the front money for his fees now due and one-third of each future payment made pursuant to the structured settlement.

Affirmed in part; reversed in part.