PATRICK A. DOUCETTE vs. IRWIN KWIAT.

Middlesex. April 2, 1984. — August 28, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

Consumer Protection Act, Demand letter. Practice, Civil, Counsel fees. Attorney at Law, Contingent fee agreement, Compensation.

Where an attorney represented a client in a tort case pursuant to a contingent fee arrangement and the case was settled by an agreement providing for a lump sum payment to the client, as well as subsequent monthly payments, and payment of a specified amount to the attorney, the attorney was not entitled to an additional fee for his services in settling certain liens against the amount recovered in the tort case, and his retention of a fee for such services from money due the client subjected the attorney to the penalty provision of G. L. c. 221, § 51. [917-918]

A demand letter under G. L. c. 93A, § 9 (3), from a client to his former attorney, objecting, among other things, to the attorney's deduction of a fee for the settlement of certain liens was sufficient to describe the unfair act or practice relied on. [918]

Evidence in a consumer protection case was sufficient to support the judge's finding that an attorney's action in taking a fee from certain funds due to a client constituted a wilful and knowing violation of G. L. c. 93A, § 2, and warranted an award of multiple damages. [918]

CIVIL ACTION commenced in the Superior Court Department on January 28, 1981.

The case was heard by Travers, J.

The Supreme Judicial Court granted a request for direct appellate review.

William P. Homans, Jr., for the defendant.

Anne L. Berger for the plaintiff.

WILKINS, J. The defendant is an attorney who represented the plaintiff, Doucette, in a tort action pursuant to a contingent fee arrangement. The tort action was settled during trial in the form of a "structured settlement."[1] The settlement provided

___

[1] A structured settlement obviously presents problems for counsel who have been retained on a contingent fee basis in determining and receiving an

$30,000 in cash immediately ("cash up-front"), payment to Doucette of $1,500 each month for life, with a ten-year guaranty, and payment of attorneys' fees of $150,000 in four annual instalments.

At the time of the settlement, as a result of aid and services received after Doucette's accident, there were liens outstanding in favor of the Veterans' Administration ($3,660) and for welfare payments ($45,000). The defendant settled the Veterans' Administration lien for $2,000 and the lien of the Department of Public Welfare for $5,000. The defendant used a portion of the "up-front" money made available through the structured settlement to discharge these liens and to pay certain expenses. He also took a fee of $6,317, which was one-third of the balance of the "up-front" money remaining after payment of the lien settlements and litigation expenses. Doucette challenged the fee of $6,317 and certain litigation expenses.[2] Doucette has asserted that the defendant violated G. L. c. 221, § 51,[3] and G. L. c. 93A, § 2, in withholding the fee and paying certain expenses. The judge who heard the case in the Superior Court agreed with this assertion and awarded recovery under G. L. c. 221, § 51, in the amount of $6,866 with interest at five times the lawful rate from the date of the defendant's knowledge of Doucette's demand. The judge also found that

appropriate fee. See *Sayble* v. *Feinman,* 76 Cal. App. 3d 509, 511 (1978) (under a contingent fee agreement providing for payment of "28 ⅓% of any money recovered," counsel may not recover based on the present value of an annuity received by the client in settlement); *In re Chow,* 656 P.2d 105, 108 (Hawaii Ct. App. 1982) (same as to a percentage of "any settlement"); *Cardenas* v. *Ramsey County,* 322 N.W.2d 191, 193 (Minn. 1982) (same as to a percentage of "the total amount recovered").

[2] As this case progressed, the defendant failed to substantiate only one item of litigation expense — a purported fee of $549 for Connecticut legal counsel. Although this amount figures in the trial judge's calculation of Doucette's total recovery, the defendant makes no argument in his appeal that Doucette is not entitled to recovery as to this item.

[3] General Laws c. 221, § 51, provides: "An attorney at law who unreasonably neglects to pay over money collected by him for and in behalf of a client, when demanded by the client, shall forfeit to such client five times the lawful interest of the money from the time of the demand."

the defendant wilfully and knowingly violated G. L. c. 93A, § 2, and awarded another $6,866, with interest at the legal rate, representing double damages under G. L. c. 93A, § 9 (3). He also allowed attorneys' fees and costs of $8,517.49 under G. L. c. 93A. The defendant has appealed. We affirm the judgment.[4]

The basic question is whether the defendant was entitled to charge a fee for his services in settling the liens against the amount recovered in the tort case. If he had no such right, his collection of an additional fee in the circumstances was both an unfair act under G. L. c. 93A, § 2, and unreasonable neglect to pay over that amount in violation of G. L. c. 221, § 51. The judge ruled that "the services of compromising and paying the liens was included within the services to be rendered under the contingent fee agreement." He found as a fact that, when the defendant and Doucette discussed the settlement agreement and Doucette signed it, they understood that the fees to be paid to counsel by the defendants' insurers in the tort case, under the structured settlement, "were payment in full under the contingent fee agreement." In view of this finding, the defendant's argument based on his interpretation of the contingent fee agreement as originally constituted is of no avail.

In the normal course, in the absence of a special agreement on the point, discharge of unchallenged liens and other such claims against a tort recovery is part of the services an attorney would perform in return for his contingent fee.[5] A client would

_____

[4] The defendant retained counsel to try Doucette's underlying tort action, as he was authorized to do under the contingent fee agreement. Trial counsel was a defendant below. Judgment was entered in his favor. He is not involved in this appeal.

Doucette also challenged the amount of attorneys' fees received under the structured settlement, claiming that they exceeded the agreed limit. The judge decided that issue against Doucette, and he has not appealed.

[5] The amount of a contingent fee arguably could not be based on that portion of any recovery which is covered by a lien or subrogation claim until the lien or claim is discharged or settled. One would expect that the better time to discuss settlement of a claim with a lien holder or a subrogated insurer is before rather than after settlement of the tort action, because before settlement the lien holder or subrogated insurer will have to face the possibility of receiving no recovery at all.

reasonably expect that result if nothing were said on the subject. In such circumstances, an attorney's claim of a fee for settling liens does not present "an honest controversy between the parties" (see *Zuckernik* v. *Jordan Marsh Co.,* 290 Mass. 151, 156 [1935]) that would eliminate the interest penalty under G. L. c. 211, § 51.

The defendant argues that the judge erred in awarding damages under G. L. c. 93A, § 9. First, he asserts that Doucette's demand letter did not reasonably describe the unfair act or practice relied on and the injury suffered, as required by G. L. c. 93A, § 9 (3). See *York* v. *Sullivan,* 369 Mass. 157, 162 (1975); *Slaney* v. *Westwood Auto, Inc.,* 366 Mass. 688, 704 (1975). Doucette's counsel wrote the defendant, referring to G. L. c. 93A, objecting, among other things, "to the calculation and allocation of fee in settlement of the case in chief and the deduction by you for your settlement of the Welfare and Veterans Administration liens." The fact that other matters were raised in the demand letter does not invalidate that portion of the letter that related to the fee taken for discharging the liens. The demand letter was adequate as to the claims on which Doucette recovered in this action. Secondly, the defendant argues that the judge should not have awarded double damages under § 9 (3).[6] He claims that the judge erred in finding that the act of charging the $6,317 fee was a wilful and knowing violation of G. L. c. 93A, § 2, warranting multiple damages. The judge's finding was justified. There was evidence, which the judge credited, that before the defendant took the $6,317 fee, he had told Doucette that his counsel (see note 4, *supra*), had wanted to collect an additional fee from the $30,000 "up front" money and that the defendant would not permit it. The defendant told Doucette not to worry about it.

The defendant argues that he should have been awarded counsel fees under G. L. c. 231, § 6F, inserted by St. 1976,

---

[6] The judge awarded only $6,866 under the G. L. c. 93A claim, rightly recognizing that the award of $6,866 under G. L. c. 221, § 51, should be treated as if it were initial damages under G. L. c. 93A, § 9 (3), in order to avoid improper duplication of recovery. See *Guenard* v. *Burke,* 387 Mass. 802, 811 (1982).

c. 233, § 1, because he was successful in his defense of Doucette's claim under count 1 of the amended complaint. That count challenged the over-all fees collected by the defendant and the trial counsel, in part on the ground that they exceeded the amount properly collectible under the contingent fee agreement. The judge denied the defendant's motion because this count was not frivolous or brought in bad faith. Where Doucette prevailed on his G. L. c. 221, § 51, and G. L. c. 93A claims, the judge was hardly required as a matter of law to find that "all or substantially all of [Doucette's] claims . . . were wholly insubstantial, frivolous and not advanced in good faith." G. L. c. 231, § 6F. In any event, any appeal from the denial of a motion for reasonable counsel fees, costs, and expenses must be made to a single justice of the Appeals Court. G. L. c. 231, § 6G. If there is some basis for saying that a losing party at the trial level has any rights under G. L. c. 231, § 6F, as to claims on which he was successful, and if in some case there should be available a method for consolidating an appeal on the merits with an appeal from the denial of a motion for attorney's fees, costs, and expenses under G. L. c. 231, § 6F, this case is not such a case.

The judgment is affirmed. The trial judge may award the plaintiff reasonable attorneys' fees, costs, and expenses with respect to this appeal.

*So ordered.*