Pino, J.
This action arises out of a contract between the parties wherein the defendant was to erect a home for the plaintiffs. The action was commenced by Verified Complaint which was filed on October 3,1986 alleging breach of contract, breach of warranty and negligence. The defendant’s Answer was filed in timely fashion. Ten days thereafter, the plaintiffs, by letter dated December 29,1986, gave the defendant notice of claim under Chapter 93A of the Massachusetts General Laws. It alleged, as basis for unfair practices, breach of contract and negligence. The defendant made no response to the demand letter. The Chapter 93A action remained in limbo until January 6, 1989 when the plaintiff obtained leave of court and filed an amended complaint in which the Chapter 93A action was alleged. Although the Report does not include them, the court assumes all pleadings were appropriately completed.
After trial, the court found for the plaintiffs on Counts I and II which alleged breach of contract and breach of warranty and assessed damages. However, on Counts III and IV, the Chapter 93A counts, the court found for the defendant. In reaching its decision on the Chapter 93A counts' the court ruled that .the Chapter 93A action was barred because action on-the common law claims had been commenced and the defendant’s answers filed before the *150 Chapter 93A demand letter was issued.
The plaintiffs filed a Motion for New Trial or in the alternative for an Amendment of the Judgment. The plaintiffs claimed the court had made an error of law in its finding on the Chapter 93A action. The motion was denied.
The issue is clear. Is the Chapter 93A action barred based upon the facts recited?
The question is treated in York v. Sullivan, 369 Mass. 157 (1975). The thirty day requirement is a prerequisite to an action under section 9 of Chapter 93A. However, nothing in the statute makes it a prerequisite of any other remedy available to aggrieved consumers. The statute created new rights and remedies; it was not designed to limit pre-existing rights and remedies, nor to create obstacles in their path. The first complaint was not brought under Chapter 93A and no compliance with the statute was necessary. The third and fourth counts of the amended complaint did require compliance with statutory provisions and a thirty day letter was mandatory. The plaintiffs complied with the statute. To bar the Chapter 93A action here would, in fact, bar the plaintiffs’ pursuit of remedies afforded by the statute even though the requirements of the statute have been met. Negotiations and settlement may be goals of the statute, but its primary goal is to protect consumers and to grant them rights and remedies for unfair practices. There is nothing in the Consumer Protection Act, nor in the existing precedent, that forbids the course taken by the plaintiffs. The report does not set out the facts or conditions under which the plaintiffs acted as they did, but the court can think of situations where the plaintiffs could have no other option.
The Chapter 93A action is not barred.
The court’s finding in behalf of the plaintiff for money damages of $2,000 on the plaintiffs’ count for breach of warranty requires a finding of a violation of Chapter 93A. Linthicum v. Archambault, 379 Mass. 381(1979); Giannasca v. Everett Aluminum, Inc., 13 Mass. App. Ct. 208 (1982).
The Report is allowed. The case is remanded for consideration on the issue of multiple damages, if any, and determination of reasonable attorneys’ fees and costs.