MICHAEL FREDERICKS *vs.* MARCEA M. ROSENBLATT & another.[1]

No. 95-P-1060.

Suffolk. May 7, 1996. - July 11, 1996.

Present: SMITH, PORADA, & IRELAND, JJ.

*Attorney at Law,* Malpractice. *Consumer Protection Act,* Demand letter.

In a legal malpractice action asserting a claim under G. L. c. 93A, the judge erred in dismissing that claim on the grounds, raised on his own initiative and not by the defendants, that the demand letter did not "reasonably describe the injury" and that the plaintiff did not prove the amount of damages demanded [716-717]; further, the judge's ruling was clear error where the record showed that the demand letter was sufficient to meet the requirements of § 9 of the statute [717-718].

CIVIL ACTION commenced in the Superior Court Department on June 2, 1993.

The case was tried before *Patrick J. King,* J.

*Michael R. Fuller* for the defendants.

*Valeriano Diviacchi,* for the plaintiff, submitted a brief.

PORADA, J. The plaintiff filed a legal malpractice complaint in the Superior Court against the defendants arising out of their settlement of a case stemming from an accident in which the plaintiff sustained personal injuries and property damage. His complaint contained counts for negligence, breach of fiduciary duty, and violation of G. L. c. 93A, §§ 2 and 9. At the close of the plaintiff's case, the defendants filed a motion for a directed verdict on all counts. The judge allowed the motion on the jury claims (for negligence and breach of fiduciary duty) on the ground that the plaintiff had failed to prove any damages. See *Stark* v. *Patalano Ford Sales, Inc.,* 30 Mass. App. Ct. 194, 203 (1991). On the c. 93A claim, which

---

[1]Dane M. Shulman.

the judge reserved to himself, he treated the motion as one for involuntary dismissal pursuant to Mass.R.Civ.P. 41(b)(2), 365 Mass. 804 (1974), and allowed the same on a ground raised on his own initiative: that the plaintiff's demand letter did not meet the requirements of G. L. c. 93A, § 9. The plaintiff appeals, alleging only that the judge's dismissal of the c. 93A claim was erroneous.[2] We reverse and remand the c. 93A claim for trial.

Because the judge dismissed the c. 93A claim based on the plaintiff's demand letter, the only findings he made were that the demand letter did not describe the plaintiff's injury and that the damages, when viewed in the light most favorable to the plaintiff, were $1,500 as compared with his $35,000 demand letter claim. Our summary of facts is therefore taken from the underlying facts to which the parties stipulated and additional facts set forth in the evidence when viewed in the light most favorable to the plaintiff — the standard which the judge apparently applied in his damages finding. See Smith & Zobel, Rules Practice § 41.10 (1977).

1. *Facts.* On December 26, 1990, the plaintiff was driving his automobile in Boston when it was struck by a Massachusetts Bay Transportation Authority (MBTA) trolley. The plaintiff suffered personal injuries, and his automobile was damaged. He retained the defendants to represent him regarding a personal injury claim against the MBTA arising from the accident. The plaintiff and the defendants agreed, however, that the plaintiff himself would pursue his claim against the MBTA for damage to his automobile, and that the defendants would not do so. The defendants were aware that the plaintiff was negotiating with the MBTA as to the property claim.

In July, 1992, the defendants negotiated a settlement of the plaintiff's personal injury claim. They notified the plaintiff and requested that he come to their office to sign a release. The plaintiff reminded Attorney Rosenblatt of his property damage claim against the MBTA before he signed the release, and Attorney Rosenblatt told him that that was not a problem

---

[2]Although judgment was entered on the jury claims, no judgment was entered on the judge's order dismissing the c. 93A claim. The parties have argued the appeal from this order, and there are no other unadjudicated claims. We reach the merits of the appeal. See *GTE Prods. Corp.* v. *Stewart*, 421 Mass. 22, 24 n.3 (1995).

and that everything would be all right. The plaintiff then signed a general release dated July 24, 1992, releasing the MBTA from all claims in consideration of payment of $4,500. When the plaintiff subsequently contacted the MBTA about his property claim, he was informed by an MBTA investigator that he had executed a general release and that he no longer had any claim against the MBTA.

As a result, the plaintiff's new counsel sent a demand letter to the defendants. The text of the letter provided as follows:

"This is a demand for relief pursuant to the Consumer Protection Act that is M.G.L.c. 93A made on behalf of [the plaintiff]. The factual basis of this claim was summarized to you in a March 5, 1993 correspondence from [the plaintiff's] prior counsel, a copy of which is enclosed.[3]

"Your knowing and intentional unfair and deceptive act consists of your having [the plaintiff] sign a general release in order that you can collect your fee for settling his personal injury case without in any way protecting his claim for property damage nor in any way even placing him on notice that he was waiving his property damage claim.

"On behalf of [the plaintiff], I am making a settlement demand, as required by the Consumer Protection Act, of $35,000, consisting of the property damage, storage

---

[3]The enclosed letter alleged that, when the plaintiff executed the July, 1992, general release, Attorney Rosenblatt did not review the release with him and asked only that he sign and date it in order to receive his settlement from the MBTA for his personal injuries, and that there was no mention at this time of his claim for property damage. On the issue of damages, the letter provided that the plaintiff's vehicle was in storage at an auto body shop at a rate of twenty-five dollars a day, that the MBTA had assured the plaintiff that it would pay "any and all storage fees incurred" and that "any repairs which had been completed on the vehicle within ninety days prior to the accident would be reimbursed by the MBTA." It also provided that the plaintiff "has sustained considerable monetary damages due to the accident of December 1990, and has amassed substantial bills from . . . [the auto body shop] relying upon the assurances of . . . the MBTA, that his bills would be paid by the MBTA" and that "[d]ue to [Attorney] Rosenblatt's alleged negligence, [the plaintiff] has subsequently lost any right to file a claim for property damage against the MBTA."

fees, lost income, attorneys['] fees and costs, and emotional distress that your error has caused. The Act gives you thirty days to accept this offer or to respon[d] with a reasonable settlement offer of your own. If such does not occur, at the end of that time, the Act allows me to file and I will file a court action to collect these damages. In such Action, I will be entitled to demand these damages plus treble damages, attorneys' fees, and costs."

The defendants responded that, based on the circumstances surrounding the execution of the release by the defendant, they had no intention of making a settlement offer. As a result, the plaintiff commenced this action against the defendants and the MBTA. The MBTA settled the plaintiff's claim by paying him $1,694.15 for the property damage he incurred. As noted *supra*, the plaintiff's jury claims against the defendants were tried and subsequently dismissed.

2. *Sufficiency of the demand letter.* Section 9(3) of c. 93A, as inserted by St. 1969, c. 690, provides, in pertinent part: "At least thirty days prior to the filing of any . . . action [pursuant to § 9(1)], a written demand for relief, identifying the claimant and reasonably describing the unfair and deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent."

In making their motion for dismissal of the c. 93A claim, the defendants argued only that the plaintiff had not proved his damages. In response, the judge stated that the § 9 requirement of a demand letter was "jurisdictional" and noted that the plaintiff's c. 93A demand of $35,000 "totally [bore] no relationship whatsoever with regard to the damages established at the time of trial." The judge allowed the motion because the demand letter "did not reasonably describe the injury" and "[t]he evidence most favorable to the plaintiff showed damages of $1,500 whereas the demand was for $35,000." As a result, he concluded that "there has been no showing that the plaintiff has met . . . the demand requirement" of § 9.

In raising the issue of the sufficiency of the demand letter sua sponte, the judge appears to have been swayed by references in our case law to the demand requirement being "jurisdictional" in nature. See *Spring* v. *Geriatric Authy. of*

*Holyoke,* 394 Mass. 274, 289 (1985); *Ricky Smith Pontiac, Inc.* v. *Subaru of New England, Inc.,* 14 Mass. App. Ct. 396, 432 n.42 (1982); *Stark* v. *Patalano Ford Sales, Inc.,* 30 Mass. App. Ct. at 198. In *York* v. *Sullivan,* 369 Mass. 157, 163 (1975), however, the Supreme Judicial Court, discussing the · § 9 requirement that a demand letter be mailed or delivered to a respondent within thirty days prior to the filing of an action pursuant to c. 93A, stated that "it is not jurisdictional in the sense that a party cannot waive it, and we do not think it is open to the judge to raise the point on his own motion after trial and long after the thirty days have expired." We think the same rationale applies here. It was error for the judge to raise the issue of the sufficiency of the demand letter where the defendants expressly failed to do so.

Assuming, however, that the defendants' vague references to the futility of the plaintiff's c. 93A claim sufficed to raise the issue (an argument that the parties have fully briefed on appeal), we think it plain on this record that the judge's finding that the demand letter fails to comply with the § 9 requirements is clearly erroneous. See *Kendall* v. *Selvaggio,* 413 Mass. 619, 620-621 (1992). The purpose of a § 9 demand letter is "to give the defendants 'an opportunity to review the facts and the law involved to see if the requested relief should be granted or denied' and to enable them to make 'a reasonable tender of settlement' in order to limit the recoverable damages." *York* v. *Sullivan, supra* at 162, quoting from *Slaney* v. *Westwood Auto, Inc.,* 366 Mass. 688, 704-705 (1975). See *Spring* v. *Geriatric Authy. of Holyoke,* 394 Mass. at 288; *Brandt* v. *Olympic Constr., Inc.,* 16 Mass. App. Ct. 913, 915 (1983); *Cassano* v. *Gogos,* 20 Mass. App. Ct. 348, 350 (1985); *Stark* v. *Patalano Ford Sales, Inc.,* 30 Mass. App. Ct. at 199; *Whelihan* v. *Markowski,* 37 Mass. App. Ct. 209, 215 (1994).

We think it evident that the plaintiff's demand letter, which also contained most if not all of the factors enumerated in *Cassano* v. *Gogos, supra* at 350-351, concretely described the purported injury — the loss of the plaintiff's property damage claim against the MBTA resulting from his having executed the first general release at the urging of the defendants — and that the amount of damages claimed was reasonably ascer-

tainable.[4] Compare *Brandt* v. *Olympic Constr., Inc., supra.* The fact that other matters may have been raised in the demand letter does not invalidate the portion of the demand letter related to the loss of the plaintiff's property damage claim. *Doucette* v. *Kwiat,* 392 Mass. 915, 918 (1984). *Leardi* v. *Brown,* 394 Mass. 151, 166 (1985). The demand letter was sufficient to meet the statutory requirements. Compare *Doucette* v. *Kwiat, supra; Leardi* v. *Brown, supra* at 165-166; *Brandt* v. *Olympic Constr., Inc., supra.*

In sum, the order dismissing count III (G. L. c. 93A) is reversed, and this matter is remanded to the Superior Court for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

*So ordered.*

---

[4]The attorney defendants did not assert below that the demand for damages in the demand letter was unreasonable. In their response to the demand letter, they did not contest the amount of damages; rather, they refuted the plaintiff's version of the facts and denied liability for *any* damages on that basis. Compare *Parker* v. *D'Avolio, ante* 394, 398 (1996) (noting that "the defendants have all along contested not liability but causation and damages"). Further, that there may have been only nominal damages by the time trial occurred does not foreclose recovery under c. 93A. See *Leardi* v. *Brown,* 394 Mass. 151, 159-160 (1985); *Parker* v. *D'Avolio, supra.*