Following a bench trial, a Superior Court judge found for the plaintiffs on their claim of breach of contract against the defendants and awarded the plaintiffs $139,707.08 in damages, which the judge then doubled due to the defendants' violation of G. L. c. 93A. The defendants appeal on several grounds. We affirm.
Background. We summarize the facts pertinent to this appeal, as found by the trial judge. In 2010, the plaintiffs entered into written agreements with the defendants, under the terms of which the defendants were to enlarge and renovate the plaintiffs' kitchen and construct a barn on their property. The parties entered into two separate agreements, one for the renovation of the kitchen, and one for the kitchen addition and barn construction. The cost of the kitchen renovation was $48,337.50, and the cost of the kitchen addition and barn construction was $296,179.14. Each agreement included scheduled payment dates and stated that the work would be completed "in a workmanlike manner." This appeal concerns only the agreement for the kitchen addition and barn construction project (the project).
The project was scheduled to begin on July 1, 2010, and be completed by November 15, 2010. The work was delayed, "primarily and substantially [because of] a lack of manpower and supervision at the site." As the project encountered delays that left it uncompleted through the summer of 2011, several defects in the work presented themselves. In response, and because the defendants stopped communicating with the plaintiffs and the work was not being done on the house, the plaintiffs contacted another contractor, Sean DiCataldo, to inspect the project. The town building inspector, an architect, and two engineers all also inspected the project, and each agreed that the construction of the barn deviated from the building plan and that multiple aspects of the construction were done "in a substandard manner."
As a result, the plaintiffs sent the defendants a demand letter pursuant to G. L. c. 93A on September 1, 2011, alleging violations of both c. 93A, and G. L. c. 142A (governing regulation of home improvement contractors). The plaintiffs demanded the return of all funds they had paid the defendants plus additional damages. Specifically, the plaintiffs' demand letter accused the defendants of abandoning the project, cited the defendants' ongoing lack of communication with the plaintiffs, and noted several structural and aesthetic defects in the work. Defendant Clarence Hart, on behalf of all the defendants, responded by claiming they had not abandoned the project and that they were awaiting the plaintiffs' response on options for portions of the project before progressing. He further offered to remedy a defective portion of the project and stated that the project was nearly complete, that they were willing and able to complete the project, and that they were owed $50,000 for past services and materials.
The plaintiffs terminated the defendants and hired DiCataldo to complete the project. The complaint against the defendants was filed in the Superior Court on November 23, 2011, and the case ultimately proceeded to a bench trial. Regarding the plaintiffs' claims of breach of contract and negligence, the judge found for the plaintiffs and ordered the defendants to pay $139,707.08 in damages; the judge concluded that Hart was personally liable for the damages. The judge determined the measure of damages to be the cost to complete the project and correct mistakes made by the defendants less the amount left unpaid on the original contract. The judge further found for the plaintiffs on their claims of violation of G. L. c. 93A, specifically § 9, and violation of G. L. c. 142A, and he doubled the damages award. The judge awarded the plaintiffs reasonable attorney's fees and costs pursuant to c. 93A.
Discussion. The defendants advance several arguments on appeal: (1) the judge's finding that the plaintiffs suffered damages was an error of law; (2) Hart was incorrectly held personally liable for the damages because he had signed the agreement with the plaintiffs as an agent for Lewis and Weldon Custom Builders; (3) the plaintiffs' demand letter was deficient under G. L. c. 93A; (4) the judge made erroneous factual findings which gave rise to the double damages under G. L. c. 93A; (5) the judge erred in determining the barn construction was covered by G. L. c. 142A; (6) the judge improperly found the defendants violated the implied covenant of good faith and fair dealing; and (7) the judge abused his discretion in denying the defendants' motion to enlarge the time for discovery.
Having reviewed the record and considered the defendants' arguments, we affirm.[4]
1. Standard of review. We briefly discuss our standards of review. For questions of law, we review de novo. U.S. Bank Natl. Assn. v. Schumacher, 467 Mass. 421, 427 (2014). We are bound by the judge's findings of fact so long as they are supported by the evidence and will only disturb the challenged findings if clearly erroneous to the extent that we are "left with the definite and firm conviction that a mistake has been committed" after considering the record. White v. Hartigan, 464 Mass. 400, 414 (2013) (quotation omitted). Finally, the judge's denial of the defendant's motion to enlarge the discovery period is reviewed for an abuse of discretion, where we address whether the judge made a "clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (quotation omitted).
2. Questions of law. We first address the defendants' asserted errors of law. The defendants contend that the plaintiffs' G. L. c. 93A demand letter was fatally noncompliant with the statutory requirements. At issue is the reasonableness requirement for demand letters, which calls for the plaintiffs to provide "a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered." G. L. c. 93A, § 9(3).
In their demand letter, the plaintiffs described the grounds for their claims and requested the defendants return "all the monies [the plaintiffs] have paid you to date, together with compensation for their damages so that they can complete the project, correcting all the defects, re-building it in compliance with state codes, and completing it in its entirety as originally envisioned." That would have amounted to a $387,444 refund, in addition to remedial damages, and the judge noted that "demand for a full refund of the contract price was excessive" before awarding $139,707.08 in damages.
The question before us then is whether a demand letter with an "excessive" request for relief violates the reasonableness requirement of G. L. c. 93A, § 9(3). "The purposes of the [demand] letter are twofold: (1) to encourage negotiation and settlement by notifying prospective defendants of claims arising from allegedly unlawful conduct and (2) to operate as a control on the amount of damages which the complainant can ultimately recover." Spring v. Geriatric Authy. of Holyoke, 394 Mass. 274, 288 (1985) (quotation omitted). We conclude that the plaintiffs' demand letter was statutorily sufficient.
We find support in a previous case before this court, Fredericks v. Rosenblatt, 40 Mass. App. Ct. 713 (1996). In Fredericks, the plaintiff's G. L. c. 93A demand letter made a settlement demand of $35,000 on a claim that ultimately settled for $1,694.15-the cost to repair the plaintiff's vehicle after a collision. Id. at 715-716. A Superior Court judge sua sponte dismissed the plaintiff's c. 93A claim for failing to comply with the demand letter requirements, noting that the letter failed to describe the plaintiff's injury and the demand amount was unreasonable. Id. at 714. This court reversed, concluding that the plaintiff complied with the c. 93A demand letter requirements because "[t]he purpose of a § 9 demand letter is 'to give the defendants an opportunity to review the facts and the law involved to see if the requested relief should be granted or denied and to enable them to make a reasonable tender of settlement in order to limit the recoverable damages.' " Id. at 717, quoting from York v. Sullivan, 369 Mass. 157, 162 (1975). Since the demand letter "concretely described the purported injury ... and ... the amount of damages claimed was reasonably ascertainable," the demand letter served its purpose. Id. at 717-718.
Similarly, the demand letter in the present case adequately detailed the injury suffered so that an appropriate damages calculation remained "reasonably ascertainable." Ibid. While we agree with the judge that a demand for a full refund was excessive, we conclude that such demand was not fatal to the G. L. c. 93A award.
The defendants also contend that the judge erred in finding that the plaintiffs had personally suffered damages. We disagree. The defendants' contention is that since payments to them were made by TRD Consulting, Inc., rather than the plaintiffs individually, the plaintiffs suffered no financial damage. The argument is without merit. TRD Consulting is owned by plaintiff Thomas DeNapoli, and he is the sole interested party in that entity. Further, as the ultimate damages calculation was the plaintiffs' cost to repair and complete the project, the manner in which the defendants were paid is irrelevant. That Thomas DeNapoli did not take the step to first transfer funds to a personal account before making payment to the defendants does nothing to undermine the damages suffered by the plaintiffs. The judge undertook a proper damages calculation, and the plaintiffs were the appropriate recipients. Selmark Assocs., Inc. v. Ehrlich, 467 Mass. 525, 543 (2014) ("The fundamental premise of contract damages is that the aggrieved party should be put in as good a position as if the other party had fully performed" [quotation omitted] ).
The defendants further assert that the judge erred in holding Clarence Hart personally liable for the damages owed to the plaintiffs, arguing instead that he was acting as an agent for Lewis and Weldon Custom Builders. The judge determined that the entity did not exist and was effectively a sole proprietorship of Hart's, a factual finding that is amply supported by the record. See White, 464 Mass. at 414. See also Ladd v. Scudder Kemper Invs., Inc., 433 Mass. 240, 243 (2001) (sole proprietorship refers to business owned and operated by single individual). We must determine, therefore, whether Hart can be shielded from personal liability as an agent to a nonexistent principal or to his own sole proprietorship. The answer is no. See Atlantic Salmon A/S v. Curran, 32 Mass. App. Ct. 488, 492 (1992) ("It is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose not only that he is acting in a representative capacity, but also the identity of his principal"). See also Ladd, supra ("[T]he sole proprietor is solely liable for all debts of the business" [quotation omitted] ). There was no error.
3. Findings of fact. The defendants urge us to conclude that the judge's factual findings that gave rise to his G. L. c. 93A award were clearly erroneous, and the award of double damages must be reversed. The judge found that the defendant wilfully and knowingly violated G. L. c. 93A, § 9, which prohibits unfair and deceptive acts. The issue before us is whether adequate support exists for the judge's finding that the defendant's unfair or deceptive acts were wilful and knowing. See Klairmont v. Gainsboro Restaurant, Inc., 465 Mass. 165, 182 (2013) (multiple damages appropriate where c. 93A violation was wilful or knowing).
The judge concluded that the defendants' deviation from building plans, failure to timely complete the project, and defective work were indeed wilful and knowing. Further, the judge found that the defendants' response to the plaintiffs' demand letter-in which the defendants' offered to repair one portion of the shoddy work, denied that they had breached the contract, and contended that the plaintiffs owed an additional $50,000 under the agreement-was in bad faith and contrary to the purpose of G. L. c. 93A. These facts found by the judge, which we conclude are supported by the record and therefore not clearly erroneous, provided an adequate basis for the award of multiple damages.
4. Request to extend discovery. The defendants finally contend that the judge abused his discretion by denying their motion to enlarge the time period to request discovery. Notably, the defendants did not participate in any discovery for more than two and one-half years, and filed the motion roughly six months before the trial was set to begin. As justification for the motion, the defendants argued that they did not obtain the case file or retain counsel until after the tracking order deadlines had already passed and that enlarging the discovery period would not prejudice the plaintiffs. The defendants, however, did not offer any reasonable excuse for this neglect, and the judge was justified in declining to further extend long-running litigation without good cause.[5] As we conclude the denial of the motion was well within the reasonable range of alternatives available to the judge, there was no abuse of discretion. See Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 799 (1987) ; L.L., 470 Mass. at 185 n. 27.
Appellate attorney's fees. The plaintiffs have requested, and are entitled to, an award of attorney's fees and costs in connection with this appeal. See Yorke Mgmt. v. Castro, 406 Mass. 17, 19 (1989) ("The statutory provisions [of G. L. c. 93A] for a 'reasonable attorney's fee' would ring hollow if it did not necessarily include a fee for the appeal"). In accordance with the procedure set forth in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the plaintiffs may file documentation in support of their request for fees and costs within fourteen days of the date of the rescript, and the defendants shall have fourteen days thereafter to respond.
Judgment affirmed.

We decline to address the defendants' argument regarding whether the project was subject to G. L. c. 142A as we conclude, among other reasons, that the judge was correct in deeming the defendants' actions to be unfair and deceptive under G. L. c. 93A. Where the G. L. c. 142A violation merely provides an additional, separate ground for the G. L. c. 93A award, it need not be discussed independently. Similarly, we have reviewed the defendants' asserted error relating to the implied covenant of good faith and fair dealing and "found nothing [there] that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954). See Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471-472 (1991).

"The conduct and scope of discovery is within the sound discretion of the judge.... While discovery orders are reviewable on appeal from entry of a final judgment, we do not interfere with the judge's exercise of discretion in the absence of a showing of prejudicial error resulting from an abuse of discretion." Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 799 (1987).