Cowin, J.
INTRODUCTION
On June 10, 1994, the plaintiffs, Rosemary Lentini and Thomas Lentini, brought suit against the defendants, James C. Peart, Eileen M. Peart and The Travelers Company, for negligence, loss of consortium, violation of G.L.c. 176D and violation of G.L.c. 93A. On October 15, 1996, this matter came before the Court for hearing on the motion for summary judgment of the defendant, The Travelers Company and the plaintiffs’ cross motion for summary judgment. For the reasons stated below, the defendant’s motion for summary judgment is DENIED and the plaintiffs’ cross motion for summary judgment is ALLOWED.
BACKGROUND
On February 1, 1993, Rosemary Lentini (Ms. Lentini) was injured in a motor vehicle accident when the automobile James Peart (Mr. Peart) was operating skidded on ice and struck Ms. Lentini’s vehicle at an intersection. At the time of the accident, Mr. Peart was operating an automobile registered to his mother, Eileen M. Peart (Ms. Peart). Ms. Peart was the named insured in a Massachusetts automobile insurance policy issued by the Travelers Company (Travelers), which provided coverage for optional bodily injury to others in the amount of fifty thousand dollars ($50,000.00) per person/one hundred thousand dollars ($100,000.00) per accident.
On February 7, 1994, Travelers was notified, by formal written demand pursuant to G.L.c. 93A, that as a result of the accident, Ms. Lentini incurred more than twenty-nine thousand, five hundred dollars ($29,500.00) in medical and surgical expenses; that her daily living activities had been seriously curtailed; and that she was demanding the full value of the insured’s policy. Ms. Lentini’s letter also stated that she was requesting, pursuant to the holding in Thaler v. American Ins. Co., 34 Mass.App.Ct. 639 (1993),[3] that Travelers pay the fifty thousand dollar ($50,000.00) limit on its insured’s bodily injury liability policy without requiring a release of the Pearts.
In its March 14, 1994 response, Travelers stated that the Thaler decision was inapplicable: although the. liability of James Peart, the operator of' its policyholder’s vehicle, was not in dispute, the liability of the car owner, Eileen Peart, was in dispute. Travelers asserted that Ms. Peart was not involved in the accident and there was no evidence to suggest that she may be legally liable for the accident. Travelers adopted this position despite the language of G.L.c. 231, §85. See Discussion section, infra. Accordingly, Travelers refused to pay out the policy coverage without a release of Ms. Peart and Travelers.
Ms. Lentini submitted two subsequent demand letters on March 19, 1994 and April 19, 1994; however, Travelers continued to withhold payment without the execution of a release because it contended that the liability of one of its insureds (Ms. Peart) remained unclear.
On June 10, 1994, Mr. and Ms. Lentini brought suit against the Pearts and Travelers. In March 1995, the Lentinis offered to settle their tort action and release both Eileen and James Peart in exchange for payment of the fifty thousand dollar ($50,000.00) policy limit. Travelers accepted the offer and the Lentinis executed a release of all claims against James and Eileen Peart.
The claims against Travelers for violation of G.L.c. 176D and G.L.c. 93A[4] were not settled and are the basis for the motions before the Court.
DISCUSSION
Summary judgment is granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and of establishing “that the summary judgment record entities the moving party to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party then must respond by articulating specific facts which establish the existence of a genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
It is well established that insurers have a duty to third-party claimants ”[t]o effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear[.]” G.L.c. 176D, §3(9)(f). Failure to do so may entitle claimants to damages under G.L.c. 93A, §9(1). See Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. 671, 675 (1983). As noted earlier, the Appeals Court has held that “[t]he insistence on a release by an insurer as a condition of payment of the policy limits where liability of its insured is undisputed and damages clearly exceed the policy limits amounts to an unfair settlement practice in violation of G.L.c. 176D, §3(9)(f), for, contrary to the Legislature’s intent to facilitate the compromise and settlement of insurance claims by subjecting insurers to the penalties of G.L.c. 93A, it forces claimants to litigate claims where liability is clear and monies are due under insurance policies.” Thaler v. American Ins. *216 Co., 34 Mass.App.Ct. at 643, citing DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 97 (1983).
Travelers conceded that the liability of James Peart was clear and thus offered to pay the policy limits towards the Lentinis’ claims without a release of him. Travelers maintains, however, that since Ms. Peart’s liability was disputed, Travelers was exempt from the Thaler rule and was not required to pay the policy limits without a release of Ms. Peart. Accordingly, Travelers would not pay without a release of both Ms. Peart and James. The Lentinis argue that this insistence by Travelers on a release of Ms. Peart violated Thaler.
The Lentinis’ argument that Ms. Peart’s liability was undisputed is based upon the fact that G.L.c. 231, §85A creates a presumption that Ms. Peart, as the registered owner of the vehicle involved in the accident, is legally responsible for the conduct of her son in his operation of the vehicle. General laws c. 231, §85A states:
In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defense to be set up in the answer and proved by the defendant.
The Lentinis claim that Travelers did not adequately rebut the prima facie evidence of Ms. Peart’s liability established by the above statute; thus, Ms. Peart’s liability was reasonably clear and Travelers’ requirement of a release was violative of G.L.c. 176D and G.L.c. 93A.
In Thaler, the Court based its decision on the statutory mandate of G.L.c. 176D, §3(9)(f), which requires insurers “to effectuate prompt, fair and equitable settlements of claims.” The Appeals Court interpreted this statute to require an insurer to make prompt payment when it is clear that payment is due, rather than forcing claimants to litigate to obtain payment. Accordingly, “(t]he relevant inquiry to determine whether the rule established in Thaler applies is not whether the liability of each and every insured is clear, but whether it is clear that payment is due under the policy.” Thaler, supra at 643. Therefore, in the present case, since the liability of one insured, Mr. Peart, is not in genuine dispute, I find that Travelers’ release requirement of Ms. Peart amounts to an unfair settlement practice in violation of G.L.c. 176D and G.L.c. 93A.[5] See, to the same effect, Quillard v. Safety Ins. Co., Civil No. 95-2526, 6 Mass. L. Rptr. 73 (Norfolk Super. Ct. October 29, 1996) (Fabricant, J.), citing Thaler, 34 Mass.App.Ct. at 643.
As to whether this unfair settlement practice was willful and knowing, I find no evidence in the summary judgment materials that Travelers’ unfair settlement practice, although in violation of G.L.c. 93A, was willful or knowing. Travelers responded to the Lentinis’ demands promptly and offered the policy limit without a release of Mr. Peart. It required a release of Ms. Peart because of its interpretation of Thaler. In considering whether to demand a release, Travelers was confronted with facts that differed from those in Thaler. Although I find the factual differences immaterial to the application of the Thaler rule, it is reasonable that Travelers could have considered the potential risk of liability for its insured from compliance with the rule. In addition, Travelers itself derives no benefit from requiring the release of Ms. Peart: it is required to pay the policy limit with or without the release. “These facts indicate that [Travelers] acted not out of any self-interest or motive to deny a legitimate claim, but out of a genuine uncertainty as to its obligations, concern that it fully meet its obligations to insureds, and fear of potential liability to its insureds.” Quillard, supra [6] Therefore, I conclude that Travelers has violated G.L.c. 176D, §3(9) and G.L.c. 93A, §9; however, this asserted violation was not willful or knowing and Travelers’ response to the Lentinis’ demand was not in bad faith. The insurer could be genuinely concerned about the balance between its obligation to the claimants and its obligation to its insured. Accordingly, I hold that this particular violation does not warrant multiple damages.[7] Thus, the plaintiffs are to be awarded only their actual damages or the nominal damages provided in G.L.c. 93A, §9(3).[8]
Attorneys fees are to be awarded to the plaintiffs pursuant to G.L.c. 93A, §9(4). The plaintiffs are to submit an affidavit of attorneys fees within twenty-one days of receipt of this Order. Defendants may submit a counter-affidavit within fifteen days thereafter. The Court will schedule a hearing if one is deemed necessary.
ORDER
For the foregoing reasons, it is hereby ORDERED, that the Travelers Company’s motion for summary judgment is DENIED. The cross motion for summary judgment of Rosemary Lentini and Thomas J. Lentini is ALLOWED. Affidavits as to attorneys fees are to be submitted as provided above.

In Thaler v. American Ins. Co., 34 Mass.App.Ct. 639, 643 (1993), the Court held that “[t]he insistence on a release by an insurer as a condition of payment of the policy limits where liability of its insured is undisputed and damages clearly exceed the policy limits amounts to an unfair settlement practice in violation of G.L.c. 176D, §3(9)(f) . . ."

General laws c. 176D provides that a consumer may recover under G.L.c. 93A, §9 for a violation of G.L.c. 176D, §3(9).

 Although it is not necessary to my decision, I conclude that Travelers has not presented sufficient evidence to rebut the prima facie effect of G.L.c. 231, §85A. The simple denial of agency in the pleadings will not defeat the effect of the statute. There must be some evidence in the summary judgment record supporting the position. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). An answer may not be treated as an affidavit for summary judgment purposes. The only evidence Travelers offers to rebut the statutory presumption are the answers to interrogatories of Ms. Peart and James, both of which state that James’ purpose in driving the car at the time of the accident was to go home after visiting his mother at the hospital. This evidence is in fact consistent with the statutory presumption that J ames was driving the car with his mother’s authorization. Regardless of whether the Thaler standard is that liability must be “undisputed” or “reasonably clear," the liability of the insurance company is undisputed in this case.

This is quite different from the types of action that have been held to constitute willful or knowing violations of c. 93A, such as deliberate misrepresentation, Brandt v. Olympic Con-str., Inc., 16 Mass.App.Ct. 913 (1983); an attorney on a contingency fee charging additional fees, Doucette v. Kwiat, 392 Mass. 915 (1984); and failure to disclose known defects, Grossman v. Waltham Chemical Co., 14 Mass.App.Ct. 932 (1982), rev. denied, 387 Mass. 1102 (1982).

In their memorandum, the Lentinis assert three additional acts of Travelers which should be considered as further evidence of the fact that Travelers violated G.L.c. 176D and G.L.c. 93A; 1) Travelers’ demand of indemnification against a lienholder, Blue Cross/Blue Shield; 2) Travelers’ statement that a release signed by the plaintiffs and accepted by the Pearts’ attorney was unacceptable to Travelers; and 3) Travelers demand that such a release agreement include language dismissing all claims pending in this action which language would have led to the dismissal of the G.L.c. 93A and G.L.c. 176D, §3(9) claims against Travelers. Consideration of these acts by Travelers does not alter the conclusions reached by the Court.

General laws c. 93A, §3 states, in pertinent part;
[I]f the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that.the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated section two.